DAVID S. DAVENPORT *et al.*

*v.*

FRANCIS M. SPRINGER *et al.*

1. PROMISSORY NOTE—*failure of consideration.* If the consideration of a note · be an agreement to pay its avails in discharge of indebtedness of the maker of the note, and the party receiving it fails to do so, but applies the note to an entirely different purpose, not beneficial to the maker, there is a failure of the consideration, and payment can not be enforced.

2. WEIGHT OF EVIDENCE. When testimony is conflicting, it is the province of the jury to decide upon the credibility of witnesses, and their finding ought to be set aside when there is manifest injustice.

3. SAME. When a maker of a note makes a partial payment, and repeatedly promises payment of the whole after it is due, and with full knowledge of all the circumstances which he sets up in his defense, his testimony tending to show fraud and failure of consideration, will be regarded with suspicion.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

Messrs. MORRISON & WHITLOCK, for the appellants.

Mr. I. J. KETCHAM, and Mr. H. E. DUMMER, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of assumpsit, brought by the appellants against the appellees, on a promissory note. A trial was had in the circuit court, which resulted in a verdict for appellees.

The error relied on to reverse the judgment is, that the verdict is against the weight of the evidence.

The defense set up in the special pleas is, a total failure of the consideration in the note declared on, in this: that the sole and only consideration of the note was the promise of the appellants to advance to one Allen the sum of $1200, to be by him paid to Smith & Towner, on the partnership debt of the said Allen and the appellee Springer, and that the appellants did not advance the money to Allen, and in consequence thereof the appellee Springer was compelled to, and did, pay the partnership debt of Allen & Springer to Smith & Towner.

Upon the issues joined on the pleas, a very considerable amount of evidence was heard. The only persons present at the making of the contract between the parties and the execution of the note, were the appellant Davenport, appellee Springer, and witness Allen.

Springer testifies in his own behalf that Davenport, acting for the appellants, was to advance to Allen the sum of $1200, to be by him paid to Smith & Towner on the debt of Allen & Springer, which he did not do, and in consequence thereof he was compelled to pay the debt himself. Davenport and Allen both contradict the statement of Springer, and say that the consideration of the note was that Davenport was to take

the note of Springer for $1200 and give Allen credit on his indebtedness to Davenport, which credit was given to Allen at the date of the transaction.

Although there is some conflict in the testimony, we are of opinion that the verdict is against the weight of the evidence. It is admitted by the appellee Springer that, when a former suit was commenced on this note, he did unconditionally promise appellant Davenport to pay the note in a short period, if he would dismiss the suit, and in pursuance of that agreement the suit was dismissed, and that he was then in possession of all the facts that he has testified to on the trial. It seems to us that this positive recognition of the debt, with a full knowledge of all the facts, is inconsistent with the defense now set up to the note. At least it casts a suspicion on the defense and renders it so doubtful that the question ought to be submitted to another jury.

For the error of the court in not awarding a new trial, the judgment is reversed and the cause remanded.

*Judgment reversed.*